**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3670
_____

UNITED STATES OF AMERICA

v.

MARK LABENZ,

                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-14-cr-00054-001)
District Judge: Hon. Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2015

BEFORE: AMBRO and COWEN, <u>Circuit Judges</u>
RESTANI,* <u>Judge</u>

(Filed: June 19, 2015)

_____

* Honorable Jane A. Restani, Judge for the United States Court of International Trade,
sitting by designation.

_____

OPINION**
_____

COWEN, Circuit Judge.

Mark Labenz appeals from the criminal sentence imposed by the United States

District Court for the Eastern District of Pennsylvania. We will affirm.

I.

Labenz pled guilty to four counts of bank robbery in violation of 18 U.S.C. §

2113(a). Although represented by counsel, he submitted a pro se motion for downward

departure, which was entered on the District Court docket. Labenz asked for a departure

on a number of grounds, including overrepresentation of the seriousness of his past

criminal conduct as well as the substandard conditions of his confinement in a non-

federal facility. The Presentence Investigation Report ("PSR") noted that Labenz had

filed a pro se downward departure motion. Labenz's attorney subsequently requested a

downward variance based on her client's exceptional acceptance of responsibility as well

as his history of drug addiction. Objecting to the PSR's classification of her client as a

career offender, she sought "a variance based on the defendant's overstated criminal

history" if the District Court nevertheless applied "the Career Offender" enhancement.

(A26 (footnote omitted).)

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Finding that Labenz was not a career offender, the District Court determined that the applicable Sentencing Guidelines range was 100 to 125 months of imprisonment. The defense attorney and the prosecutor presented their respective arguments. In addition, Labenz made a statement on his own behalf. The District Court denied defense counsel's downward variance requests, and it ultimately sentenced Labenz to 120 months' imprisonment.

## II.

Labenz argues that the District Court committed procedural error by failing to address his pro se departure motion, at least insofar as he requested a downward departure on the basis of substandard conditions of confinement.[1] In United States v. Flores-Mejia, 759 F.3d 253 (3d Cir. 2014) (en banc), we held that "when a party wishes to take an appeal based on a procedural error at sentencing—such as the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed—that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal," id. at 255 (footnote omitted). According to Labenz, this plain error approach does not apply to the sentencing court's disposition of departure motions at "Step 2" of the three-step sentencing process. See, e.g., id. at 255-56 (explaining that district court must calculate defendant's Guidelines sentence, formally rule on parties' departure motions, and consider relevant

---

[1] The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 3231. We generally possess appellate jurisdiction under 18 U.S.C. § 3742 and 28

3

sentencing factors and give meaningful consideration to the parties' colorable sentencing arguments). He further contends that, because this Court's jurisdiction to review a departure issue is dependent upon the District Court's reasons for not granting the departure (i.e., this Court has appellate jurisdiction if the ruling was based on the District Court's belief that a departure was legally impermissible, but it lacks such jurisdiction if the ruling was based on an exercise of discretion, see, e.g., United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994)), "remand is necessary here so the district court can 'clarify the basis for its ruling' and this Court can ascertain whether it even has jurisdiction." (Appellant's Reply Brief at 1 (quoting Mummert, 34 F.3d at 205).)

We conclude that it is appropriate to apply the plain error standard of review. After all, the District Court expressly ruled on the various sentencing arguments raised by Labenz's own attorney, and Labenz himself did not mention the conditions of confinement (or request a downward departure) in the statement he made to the District Court. After he made this statement (and thanked the District Court for allowing him to speak), his attorney indicated that there was "[n]othing further." (A80.) The Court then conscientiously followed the recommendation we made in Flores-Mejia "to inquire of counsel whether there are any objections to procedural matters." Flores-Mejia, 759 F.3d at 258 n.8. Asked by the District Court whether there were "any procedural errors" (A93) *and* whether there was anything that it should clarify or discuss on the record, the defense

---

U.S.C. § 1291.

4

counsel answered "No" to both questions.[2]  See, e.g., id. at 257 (stating that objection requirement promotes quick resolution of procedural errors, encourages defendant to make objections before court best equipped to resolve errors in efficient and effective manner, and prevents "sandbagging" by defendant who remains silent only to raise error on appeal if case does not conclude in his or her favor).

Under the plain error standard of review, the defendant must show that, inter alia, the error affected the outcome of the proceeding.  See, e.g., id. at 259.  In this proceeding, the District Court observed that "it is abundantly clear that there was an escalation in the level of violence that [Labenz] was engaged in from the first case to the case that eventually, prompted the FBI to take aggressive steps to make sure that we'd get him off the streets . . . because he posed a serious threat to the community."  (A84.)  It went on to explain that a sentence at the high end of the Guidelines range was necessary to "assure that the community be protected from you in the future and send a loud message of general deterrence as well."  (A85.)  Given these circumstances, Labenz fails to establish that the District Court would have imposed a different sentence had it specifically addressed his pro se motion (and, in fact, he does not even attempt to explain in his appellate briefing how he satisfies the requirements of the plain error standard of review).

---

[2] We further note that, unlike our recent en banc opinion in Flores-Mejia, the panel rulings cited by Labenz did not expressly address the applicability of the plain error standard of review.  See United States v. Ransom, 502 F. App'x 196, 201 (3d Cir. 2012); United States v. Powell, 269 F.3d 175, 179-80 (3d Cir. 2001); Mummert, 34 F.3d at 205-06.

## III.

For the foregoing reasons, we will affirm the criminal sentence.